UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHARLIE MIXON,

                                 Plaintiff,

                                                      <u>DECISION AND ORDER</u>

                                                       09-CV-6590L

             V.

FRANK A. SEDITA, III,
Erie County District Attorney,

                                 Defendant.
_____

       Plaintiff, Charlie Mixon, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. Plaintiff, who was convicted of second-degree murder and arson in 1990 in New York State Supreme Court, Erie County, asserts various constitutional claims based on the Erie County District Attorney's ("DA") request for the release of DNA evidence that plaintiff claims would exonerate him of the crimes of which he was convicted. Plaintiff has sued Frank A. Sedita, III, who is the current DA for Erie County.

       Defendant has moved to dismiss the complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has cross-moved for leave to file an amended complaint. For the reasons that follow, defendant's motion is granted, plaintiff's motion is denied, and the complaint is dismissed.

**DISCUSSION**

       Plaintiff's conviction was affirmed by the Appellate Division, Fourth Department, in 1994. *People v. Mixon*, 203 A.D.2d 909. The New York Court of Appeals denied leave to appeal later that

year. 84 N.Y.2d 830, 909. Plaintiff has also filed collateral challenges to his conviction in state court and in federal court, all of which have been denied. *See People v. Mixon*, 908 N.Y.S.2d 382 (App. Div. 4th Dep't 2010); *Mixon v. Bennett*, No. 98-CV-0144, 2000 WL 914100 (W.D.N.Y. July 7, 2000). He has also sought various other collateral relief (such as claims under New York's Freedom of Information Law), apparently with an eye toward establishing his innocence, which have also been denied. *See Mixon v. McMahon*, 302 A.D.2d 714 (3d Dep't), *leave to appeal denied*, 100 N.Y.2d 502 (2003).

Those other proceedings included a motion pursuant to N.Y. Criminal Procedure Law § 440.30(1-a) ("440 motion"), seeking DNA testing of evidence secured in connection with plaintiff's 1990 conviction. That motion was also denied by the state courts. *See People v. Mixon*, 30 A.D.3d 1103 (4th Dep't), *leave to appeal denied*, 7 N.Y.3d 903 (2006). *See also People v. Mixon*, 2010 WL 3834983 (4th Dep't Oct. 1, 2010) (denying motion for writ of error coram nobis).

In the instant action, which was filed in this Court in October 2009, plaintiff's thirty-seven-page complaint, which is frankly argumentative[1], sets forth no distinct causes of action, but asserts generally that plaintiff has been denied his constitutional rights to due process and equal protection, his right of access to the courts, and his right to be free from cruel and unusual punishment. *See* Dkt. #1 at 9, ¶ 1. Plaintiff asks this Court to "reverse" the 2005 state court decision denying his request for DNA testing of certain evidence gathered at the crime scene, and to direct that such testing be performed. *Id.* at 36-37, ¶¶ 63-65.

Defendant moves to dismiss these claims on the ground that they are time-barred. Defendant also argues that plaintiff has not alleged facts showing Sedita's personal involvement in the alleged constitutional violations, since Sedita was not the DA at the time of plaintiff's conviction.

In his motion for leave to amend, plaintiff seeks to add three additional defendants: Frank J. Clark and J. Michael Marion, who are the former Erie County DA and an Erie County Assistant

---

[1] A substantial portion of the complaint is set forth under the heading, "Argument." *See* Dkt. #1 at 21-36.

DA, respectively, and Erie County itself. The proposed amended complaint (Dkt. #20-2) also sets forth eighteen separate causes of action, mostly alleging a denial of plaintiff's due process rights in connection with his attempts to obtain DNA testing of physical evidence.

I agree with defendants that plaintiff's claims, both in the original and in the proposed amended complaints, are time barred. "A three-year statute of limitations, derived from New York's general personal injury statute of limitations, is applied to § 1983 actions brought in New York." *Doe v. Selsky*, 663 F. Supp. 2d 213, 215 (W.D.N.Y. 2009) (quoting *Griswold v. Morgan*, 317 F.Supp.2d 226, 231 (W.D.N.Y. 2004); *see Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Paige v. Police Dep't*, 264 F.3d 197, 199 n. 2 (2d Cir. 2001)). "A Section 1983 claim ordinarily 'accrues when the plaintiff knows or has reason to know of the harm.'" *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009) (quoting *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994)).

In the case at bar, plaintiff was convicted in 1990, he filed his 440 motion seeking "DNA testing to show Actual Innocence" on April 6, 2004, the trial court denied that motion on March 21, 2005, and the Appellate Division affirmed the denial of that motion on June 9, 2006. The complaint in this action was filed on October 16, 2009, well over three years after the last of those events, and more than five years after plaintiff first became aware of the harm alleged here, *i.e.*, the DA's failure to conduct DNA testing.

The chief basis for plaintiff's opposition to defendants' motion relative to this issue is that plaintiff has continued, in one forum or another, to seek DNA testing, and that the DA has continued to refuse his requests. Plaintiff contends that this gives rise to a "continuing violation."

Under the continuing-violation doctrine, which was developed primarily in the context of employment discrimination actions, otherwise untimely claims may not be time barred if the plaintiff can show that the claims arise out of unlawful acts that form part of an ongoing policy, provided that the plaintiff can also show "some non-time-barred acts taken in furtherance of that policy." *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999). *See also Shomo*, 579 F.3d at 181 (to trigger

the continuing violation doctrine, the plaintiff must allege both existence of an ongoing policy and some non-time-barred acts taken in furtherance of that policy).

Merely alleging a series of acts, however, is not enough to show a continuing policy, or that non-time-barred acts were taken in furtherance of that policy. In particular, it is not enough for a plaintiff simply to allege that, having once been denied relief by the defendant–allegedly in violation of his constitutional rights–he later approached the defendant again, asking for the same relief, and was again rebuffed. If that were enough, the statute of limitations in cases such as this one would be rendered meaningless, since the plaintiff could extend the limitations period perpetually, by repeatedly asking for the same relief. Courts have rejected such an approach in a variety of contexts. *See*, *e.g.*, *Micciche v. Kemper Nat'l Services*, 560 F.Supp.2d 204, 214 (E.D.N.Y. 2008) ("Plaintiff cannot continue extending the accrual date [of his ERISA claim] merely by requesting repeated reconsideration from the plan administrator or the insurer") (internal quotation marks omitted); *Lewis v. Rosenfeld*, 145 F.Supp.2d 341, 347 S.D.N.Y. 2001 (where limitations period began to run when dismissal of prior lawsuit in state court became "final," plaintiff could not indefinitely extend the limitations period by filing successive discretionary appeals in state court).

All that plaintiff has alleged here is a series of discrete acts, not an ongoing policy. It is apparent from plaintiff's allegations that the only reason why defendants have "repeatedly refused" to order forensic DNA testing, Dkt. #19 at 4, is that plaintiff has repeatedly requested that they order such testing. That does not demonstrate the type of ongoing policy that would warrant application of the continuing-violation rule. *Cf. Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 713 (2d Cir. 1996) (listing seniority lists and employment tests as examples of ongoing employment practices); *see also Lambert v. Genesee Hosp.*, 10 F.3d 46, 53 (2d Cir. 1993) ("multiple incidents of discrimination, even similar ones, that are not the result of a discriminatory policy or mechanism do not amount to a continuing violation").

Even if plaintiff's action were timely, however, it would be subject to dismissal, because the facts alleged do not give rise to a plausible claim that plaintiff's constitutional rights have been

violated. *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1950 (2009) ("only a complaint that states a plausible claim for relief survives a motion to dismiss"). In *District Attorney's Office v. Osborne*, __ U.S. ___, 129 S.Ct. 2308, the Supreme Court held that there is no freestanding constitutional right to DNA evidence. Stating that a criminal defendant proved guilty after a fair trial does not have the same liberty interests as a free man, and that a state has more flexibility in what procedures are called for in the context of post-conviction relief, *id.* at 2320, the Court held that the plaintiff–who had not tried to obtain in state court the DNA testing that he sought via his federal lawsuit–could not complain that the procedures, which were adequate on their face, did not work in practice. *Id.* at 2321. The Court also rejected the plaintiff's argument that he had a substantive due process right to the state's evidence so that he could apply new DNA-testing technology that might prove him innocent. *Id.* at 2322. The Supreme Court noted that establishing such a right would force the Court to act as policymakers, requiring it to decide "a miscellany of other minor" related issues, which the Court was loath to do. *Id.* at 2323.

In the case at bar, plaintiff *has* sought relief in the state courts. Though his efforts there were unsuccessful, he has not alleged facts showing that those procedures were constitutionally inadequate, however. Merely because he lost in state court does not mean that plaintiff was denied his right of access to the courts, or his right to petition for redress of grievances, nor has plaintiff alleged any facts showing that his due process rights have been violated. His complaint must therefore be dismissed.[2]

While plaintiff's proposed amended complaint adds some defendants and a slew of claims, it suffers from the same fundamental defects as the original complaint. Plaintiff's motion for leave to amend is therefore denied as futile. *See Foster v. Humane Society of Rochester and Monroe County, Inc.*, ___ F.Supp.2d ___, 2010 WL 2867325, at *13 (W.D.N.Y. 2010) ("It is well established

---

[2]My decision in this regard renders it unnecessary for the Court to address defendant's argument that the claims against Sedita should be dismissed for lack of personal involvement.

that a district court may deny leave to amend where the amendment would be futile") (citations omitted).

## CONCLUSION

Defendant's motion to dismiss the complaint (Dkt. #10) is granted, plaintiff's motion for leave to file an amended complaint (Dkt. #20) is denied, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       November 22, 2010.